LUKE S. MONTAGUE, ADMINISTRATOR OF THE ESTATE OF
CHARLOTTE TOMPKINS, DECEASED, v. LEWIS A.
HAVILAND, LEWIS J. HAVILAND, AND
CHARLES J. HAVILAND.

*Mortgage—Foreclosure—Decree — Rehearing — Setting aside sale—
Redemption.*

1. The claim of a petitioner who seeks to set aside a decree in
   a foreclosure case, in which he is joined as a subsequent pur-
   chaser of a portion of the mortgaged premises, that he failed
   to appear and defend in the first instance because he supposed
   that the effort on the part of the complainant was to reach
   the interest of one of the mortgagors, and not that of the
   remaining mortgagor and himself, is hardly consistent with
   the fact that the deed to him was expressly made subject to
   the mortgage.

2. Upon the facts stated in the opinion, it is held:
   *a*—That it is not inequitable, as against the petitioner, that
   the lands claimed by him should be subjected to the payment
   of the mortgage sought to be foreclosed; that no fraud in
   obtaining the decree is shown; and that there is no meritorious
   defense to the claim of the mortgagee.

   *b*—That the only debatable question in the record is whether
   some portion of the interest in the decree is included in the
   $540 mortgage, executed by petitioner's wife to the complain-
   ant; that upon this subject the testimony is conflicting, and
   the Court must conclude that the circuit judge was convinced
   that the claim was sufficiently well supported to call for a
   trial of that question, and that the petitioner's delay in mov-
   ing in the matter was excused; but that the order appealed
   from went too far, and that the decree should not be set aside,
   nor should the sale be vacated at this late day except upon
   such conditions as will finally settle all the rights of the
   parties, and that the necessary order will be entered accord-
   ingly.

Appeal from Wayne. (Reilly, J.) Argued April 6,
1894. Decided June 16, 1894.

Bill to foreclose a mortgage. Defendant Charles J.

Haviland files a petition praying that the sale be set aside, the decree reopened, the order *pro confesso* vacated, and that petitioner and his codefendant Lewis J. Haviland be permitted to appear and answer and make their defense. Complainant appeals from an order granting the relief prayed for.   Order modified.   The facts are stated in the opinion.

*Luke S. Montague,* for complainant.

*Edward S. Grece,* for defendants.

MONTGOMERY, J.    Complainant appeals from an order of the circuit court in chancery vacating and setting aside a decree, and permitting the defendants to answer to the bill of complaint and to make defense.

The complainant filed his bill of complaint on the 2d of February, 1888, to foreclose a mortgage given on January 26, 1884, by the defendants Lewis A. Haviland and Lewis J. Haviland to Harry J. Haven, to secure the payment of $800, and transferred by Haven to complainant. The petitioner, Charles J. Haviland, was made a party as a subsequent purchaser.    There was personal service of subpoena, and the cause proceeded to decree *pro confesso,* which was entered April 16, 1888, and enrolled May 17 of the same year.    The decree provided for a sale at any time after March 1, 1889.    By a subsequent agreement between Charles J. Haviland and complainant, made on December 15, 1888, the time for a sale under the decree was extended by a stipulation which provided that—

" No sale shall be made within one year from the date hereof, nor at the end of one year, provided the said Charles J. Haviland shall pay the interest due on four mortgages held by the said complainant on the premises described in said decree; and that, with the above limitations, said decree shall be and remain in full force and virtue."

101 MICH.— 6.

The mortgage covered 200 acres of land, and on February 12, 1886, 120 acres of the land was conveyed to the petitioner, subject to one-half of the mortgage in question. After the decree was entered, the remaining 80 was conveyed to the petitioner's wife by quitclaim.[1]

The petition filed in the case claims, first, in effect, that petitioner failed to make a defense to the foreclosure for the reason that he supposed the effort was to reach the interest of Lewis A. Haviland, and not that of Lewis J. Haviland or himself. We think that this is hardly consistent with the fact that he received a conveyance of the land in 1886, subject to this mortgage.

It is also alleged that the mortgage was without consideration, and that the petitioner had a conveyance of the land prior to the making of the mortgage. The facts with reference to this averment are that in 1877 the title to the lands was in Adeline Haviland, the mother of petitioner and the wife of Lewis J.; that, for the nominal consideration of $3,000, Adeline Haviland conveyed to her son William W. Haviland, taking back a lease of the premises, executed by William W. to Adeline, and running during the natural life of Adeline and Lewis J. It appears that there was a further agreement to support Lewis J., Adeline, and an invalid son, Samuel E. Haviland, and, within six years after the death of the survivor of the parents, to pay to Amelia E. and Sarah A. Noble and petitioner each the sum of $200, and to erect suitable tombstones at the graves of the parents. William W. did not carry out the agreement for support, and a bill was filed in the name of Adeline Haviland, and afterwards revived in the name of Lewis J., which proceeded to a decree by which the rights of the parties were settled, the

---

[1] This deed was executed December 15, 1888, and on the same day the grantee executed the $540 mortgage hereinafter referred to.

court declaring that William W. held the fee of the land, subject, however, to a life estate in favor of Lewis J. Haviland, and an equitable lien for his care and support and for the trusts named in the supplemental agreement. On the 1st of April, 1881, and prior to this decree, Lewis J. quitclaimed to the petitioner and his brother Lewis A. So that, at the time of the execution of the mortgage in question, the title of William W. Haviland had been conveyed to Harry J. Haven, and Haven, by quitclaim, had conveyed to Lewis A. Haviland, who joined with Lewis J. Haviland in · executing the mortgage to Haven which was afterwards assigned to the complainant. The only interest, therefore, which the petitioner took under the deed of April 1, 1881, was an undivided half interest in the life estate and in the lien for the support of Lewis J. Haviland. But on the 12th of February, 1886, Charles J. Haviland received a deed from Lewis A. Haviland and wife of 120 acres of the premises, subject to one-half of all the incumbrances upon the entire premises. So that it was not inequitable, as against Charles J. Haviland, that the lands be subjected to the payment of the mortgage. We think that no fraud in obtaining the decree is shown, and that there was no meritorious defense to the claim of the mortgagee.

The only fairly debatable question in the record is whether some portion of the interest in the decree was included in the mortgage of $540, executed by Edith Haviland, wife of Charles J. Haviland, to complainant on the 15th of December, 1888. Upon this subject the testimony is conflicting, and we must conclude that the circuit judge was convinced that the claim was sufficiently well supported to call for a trial of that question, and was likewise convinced that the petitioner's delay in moving in the matter was excused. The record is not wholly devoid

of evidence showing an excuse, and, as the order was one within the discretion of the circuit judge, we do not think that, under the circumstances of the case, we should disturb the order in so far as there is fair support for the conclusions of the circuit judge upon the testimony. But. the order went too far. The decree should not be set aside, nor do we think at this late day that the sale should be vacated except upon such conditions as will finally settle all the rights of the parties.[1] An order will be entered that an account be taken, and that the complainant be entitled to charge against the land the amount of the decree in this case, with costs, less any portion of the interest and costs which shall be found to have been included in the mortgage of $540 given in December, 1888, and will also be entitled to charge all of the mortgages covering the land in question, or any portion of the same, held by complainant. Complainant will also be entitled to charge the sum paid to discharge the equity of Amelia E. and Sarah A. Noble, and for any improvements put upon the land by complainant after the date of the sale, in excess of the income derived therefrom, together with the costs of the proceeding in this Court. The costs of the proceeding in the circuit court will abide the event, and if it be established that there was included in the mortgage of December, 1888, any portion of the interest money included within the decree in this cause, the petitioner will be entitled to offset against the claim of the complainant the costs of the proceeding in the court below. Upon the statement of the account, the petitioner will be entitled to redeem from the complainant the premises in

---

[1] The sale took place February 14, 1890, and the premises were bid in by complainant. The petition for rehearing was filed December 29, 1891.

question, upon payment of the full sum due, with interest, within 60 days from the date of such decree.

The other Justices concurred.